JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL UNION NO. 3, AFL-CIO, ET AL.

## DEFENDANTS

JOHN LONEY PALOMINO, ET AL.

(b) County of Residence of First Listed Plaintiff  ALAMEDA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    SACRAMENTO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

KENT KHTIKIAN AND KIMBERLY HANCOCK
KATZENBACH AND KHTIKIAN
1714 STOCKTON ST., SUITE 300
SAN FRANCISCO, cA 94133-2930; (415) 834-1778

Attorneys (If Known)

08 - 3473 EDL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only)          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [X] 791 Empl. Ret. Inc. | | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | Security Act | [ ] 870 Taxes (U.S. Plaintiff | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | or Defendant) | Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party | [ ] 900 Appeal of Fee |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Determination |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | Under Equal Access |
| | [ ] 446 Amer. w/Disabilities - | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | [ ] 950 Constitutionality of |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Judge from Magistrate Judgment

Transferred from

Appeal to District

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC Section 1132 and 1145

Brief description of cause:
Action to collect delinquent fringe benefit contributions to a multi-employer benefit plan.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE  July 17, 2008

SIGNATURE OF ATTORNEY OF RECORD
Kimberly Hancock

1  Kent Khtikian, Esq. (#99843)
   Kimberly A. Hancock Esq. (#205567)
2  Katzenbach and Khtikian
   1714 Stockton Street, Suite 300
3  San Francisco, California  94133-2930
   Telephone: (415) 834-1778
4  Facsimile: (415 834-1842

5  Attorney for Plaintiffs

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10 BRICKLAYERS AND ALLIED CRAFTWORKERS )  CASE NO.:        3473
   LOCAL UNION NO. 3, AFL-CIO;          )
11 TRUSTEES OF THE NORTHERN CALIFORNIA  )  COMPLAINT FOR BREACH
   TILE INDUSTRY PENSION TRUST; TRUSTEES )  OF COLLECTIVE BARGAINING
12 OF THE NORTHERN CALIFORNIA TILE      )  AGREEMENT; RECOVERY OF
   INDUSTRY HEALTH AND WELFARE TRUST FUND;) DELINQUENT WAGES AND
13 TRUSTEES OF THE NORTHERN CALIFORNIA  )  FRINGE BENEFITS
   TILE INDUSTRY APPRENTICESHIP AND     )  CONTRIBUTIONS;
14 TRAINING TRUST FUND;  TILE INDUSTRY  )  CONTRACTOR'S LICENSE
   PROMOTION FUND OF NORTHERN CALIFORNIA, ) BOND
15 INC., a not-for-profit California    )
   corporation; TILE EMPLOYERS CONTRACT )
16 ADMINISTRATION FUND; TRUSTEES OF THE )
   INTERNATIONAL UNION OF BRICKLAYERS AND )
17 ALLIED CRAFTWORKERS PENSION FUND,     )
                                        )
18         Plaintiffs,                  )
                                        )
19     vs.                              )
                                        )
20 JOHN LONEY PALOMINO, as an individual )
   and doing business as "L R F Resinous )
21 Flooring"; AMERICAN CONTRACTORS      )
   INDEMNITY COMPANY, a California      )
22 corporation,                         )
                                        )
23         Defendants.                  )
   ─────────────────────────────────── )

24

25     Plaintiffs, and each of them, complain against the above-

26 named defendants and allege as follows:

27                         I
                  **FIRST CLAIM FOR RELIEF**
28                **(Delinquent Contributions)**
                  **(29 U.S.C. Section 1145)**
                  (As to John Loney Palomino)

COMPLAINT

1 |     1. This is an action to collect unpaid contributions to
2 | multiemployer benefit plans pursuant to the terms of each plan,
3 | its respective trust agreement and a collective bargaining
4 | agreement.  Jurisdiction of this action is conferred on this
5 | Court by the provisions of the Employee Retirement Income
6 | Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1132(a), (e),
7 | and (f) and 1145.  Jurisdiction of this action is also conferred
8 | on this Court by the provisions of 28 U.S.C. Section 1331(a).

9 |     2. This District is the appropriate venue for this action,
10 | pursuant to 29 U.S.C. Section 1132(e)(2), as all of the plans are
11 | administered in this District and the breach took place in this
12 | District.

13 |     3. Plaintiff, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED
14 | CRAFTWORKERS, AFL-CIO, LOCAL NO. 3, an affiliate of the
15 | International Union Of Bricklayers And Allied Craftsmen, AFL-CIO,
16 | hereinafter the "Union", is and at all times material herein was
17 | a labor organization and the collective bargaining representative
18 | for persons who are engaged, by defendants as masons in the
19 | construction industry in Northern California.  As such the Union
20 | is a employee organization representing employees in an industry
21 | affecting commerce, within the meaning of Section 301 of the
22 | LMRA, the definitions contained in Sections 2(5), and 501(1) and
23 | (3) of the LMRA (29 USC Sections 152(5), 142(1) & (3)) and 29
24 | U.S.C. Sections 1002(4) and 1003.  The Union maintains its
25 | principal office for such purpose in Oakland, California.

26 |     4. The Union brings this action on behalf of itself and as
27 | agent for and assignee of its members, all of whom were employed
28 | by JOHN LONEY PALOMINO doing business as "L R F Resinous

COMPLAINT

2

1 Flooring" to perform work under the collective bargaining
2 agreement described in paragraphs 8, 9, and 17 through 19 of this
3 complaint.

4      5. Plaintiffs, TRUSTEES OF THE NORTHERN CALIFORNIA TILE
5 INDUSTRY PENSION TRUST (hereinafter the "Pension Trust"),
6 TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY HEALTH AND
7 WELFARE TRUST FUND (hereinafter the "Welfare Trust") , TRUSTEES
8 OF THE NORTHERN CALIFORNIA TILE INDUSTRY APPRENTICESHIP AND
9 TRAINING TRUST FUND (hereinafter the "Apprentice Trust"), and
10 TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED
11 CRAFTWORKERS PENSION FUND (hereinafter the "International Pension
12 Trust") are trustees and fiduciaries of multiemployer employee
13 benefit plans pursuant to ERISA, 29 U.S.C. Sections 1002(3) and
14 (37) and 1132(d)(1).  The Welfare Trust, the Pension Trust, and
15 Apprentice Trust each has its office in San Francisco,
16 California.  Plaintiffs, TILE INDUSTRY PROMOTION FUND OF NORTHERN
17 CALIFORNIA, INC., a not-for-profit California corporation, and
18 TILE EMPLOYERS CONTRACT ADMINISTRATION FUND is each an express
19 trust fund pursuant to California Civil Code Section 3111
20 established pursuant to collective bargaining agreements, with
21 their office in San Francisco, California.  The plaintiffs
22 identified in this paragraph is hereinafter referred to,
23 individually and collectively, as the "Trusts".

24      6. The Union brings this action on behalf of itself and as
25 agent for its members Jose Anaya and Sebastian Anaya and other
26 individuals whose identity is not currently known to plaintiffs,
27 hereinafter referred to as "Tile Employees".  The Tile Employees
28 were employed by defendant JOHN LONEY PALOMINO doing business as

1 | "L R F Resinous Flooring", to perform work under the collective
2 | bargaining agreement described in paragraphs 8, 9, and 17 through
3 | 19 this complaint.

4 | 7. Defendant JOHN LONEY PALOMINO (hereinafter "Palomino"),
5 | is, and at all times material herein was, an individual doing
6 | business as "L R F Resinous Flooring", a sole proprietorship
7 | with its principal office and place of business located in Elk
8 | Grove, California.  At all times material herein, Palomino has
9 | engaged in the construction industry in California and as such
10 | has been an employer engaged in an industry or activity affecting
11 | commerce within the meaning of 29 U.S.C. Sections 1002(5) and
12 | 1003, Section 301 of the LMRA, and of the definitions contained
13 | in Sections 2(2), and 501(1) and (3) of the LMRA (29 USC Sections
14 | 152(2), 142(1) & (3)).  Palomino is a licensed tile contractor.

15 | 8. At all times material herein, the Union has been party to
16 | a written collective bargaining agreement with Palomino which
17 | agreement requires that Palomino pay various wages and fringe
18 | benefits to its employees.  Pursuant to the terms of the
19 | collective bargaining agreement, Palomino agreed to be bound by
20 | the terms and conditions of each of the trust agreements under
21 | and in accordance with which each of the Funds was established
22 | and is maintained.

23 | 9. The collective bargaining agreement and the trust
24 | agreements all require Palomino to report in writing each month
25 | to the administrator of the Funds the total number of hours
26 | worked by any person employed by Palomino to perform work within
27 | the jurisdiction of the collective bargaining agreement
28 | (hereinafter referred to as the "remittance reports").  The

4

1 | collective bargaining agreement and the trust agreements all
2 | require Palomino to submit those monthly remittance reports
3 | together with the payments indicated by those reports to the
4 | administrator of the Trusts by the 10th day of the calendar month
5 | first following the calendar month in which the hours were
6 | worked.

7 |     10. Palomino has failed to submit payment to the trusts for
8 | the amounts due for the period from August 1, 2007 through
9 | February 29, 2008 in the total principal amount of $27,105.74 as
10 | shown due on the remittance reports submitted to the trusts by
11 | Palomino during the period from August 1, 2007 through February
12 | 29, 2008.

13 |     11. Demand has been made for payment, but Palomino has
14 | refused and continues to refuse to pay the amounts shown due on
15 | the remittance reports submitted to the trusts by Palomino during
16 | the period from August 1, 2007 through February 29, 2008 in the
17 | total principal amount of $27,105.74.

18 |     12. Pursuant to the Trust Agreements and the collective
19 | bargaining agreement and by statute (ERISA section 502(g)(2)(B)),
20 | if payments are not made, or if remittance reports are not
21 | submitted in a timely manner, Palomino is required to pay
22 | liquidated damages on the principal amount due the Trusts equal
23 | to: (i) $200 for delinquencies of 30 days or less; (ii) the
24 | greater of $300.00 or 10% of the unpaid contribution for
25 | delinquencies of 31 to 60 days or less; and (iii) the greater of
26 | $400 or 20% of the unpaid contribution for delinquencies of more
27 | than 60 days.  This liquidated damage amount is owed on all
28 | hourly fringe benefits accrued to the present, in an amount of at

1 | least $5,421.15.  In addition, under the terms of ERISA (section
2 | 502(g)(2)), the trust agreements and Article X, Section 88 of the
3 | Collective Bargaining Agreement, plaintiffs are entitled to
4 | attorney's fees, auditor's fees, interest and collection costs on
5 | any delinquency described in this complaint.

6 |     13. Plaintiffs are entitled to unpaid fringe benefits due
7 | the Pension Fund, the International Pension Fund, the Welfare
8 | Fund and the Apprentice Fund for hours during the period from
9 | August 1, 2007 through February 29, 2008 in the principal amount
10 | of at least $27,105.74 plus interest thereon from the original
11 | date of each late payment at the rate of 10% per year, plus 20%
12 | liquidated damages in the amount of at least $5,421.15, plus
13 | plaintiff's attorney's fees and costs, plus penalties, pursuant
14 | to 29 U.S.C. Section 1132(g)(2), Labor Code Sections 201, 203,
15 | 218.5 and 218.6, all according to proof.

16 |
17 |
18 |

**II**
**SECOND CLAIM FOR RELIEF**
**(Breach of Contract)**
**(29 U.S.C. Section 185)**
(As to John Loney Palomino)

19 |     14. Plaintiffs reallege and incorporate herein by reference
20 | each and every allegation set forth in paragraphs 1 through 13,
21 | inclusive, of this complaint as though fully set forth at this
22 | point.

23 |     15. This is an action to enforce a collective bargaining
24 | agreement pursuant to 29 U.S.C. Section 185.  Jurisdiction of
25 | this action is also conferred on this Court by the provisions of
26 | 28 U.S.C. Section 1331(a).

27 |     16. The Union and the persons on whose behalf the Union
28 | brings this action have duly performed all conditions of the

1  agreement on their part to be performed.

2      17. Article X, Section 86 of the collective bargaining

3  agreement provides:

4      "On or before the 10th day of each month, the
       Individual Employer shall pay to the various Trust
5      Funds and to the administrator appointed by the Union
       and the Association ... the amounts specified in
6      Appendices A,B,D,E, and F and such further amounts as
       may be allocated in accordance with Section 66 (Wage
7      and Benefit Package), for each hour worked by each of
       its employees in the preceding month, or for which such
8      employees became entitled to be paid in the preceding
       month; ..."
9
       18. Article X, Section 87 of the collective bargaining
10
   agreement further provides that should Palomino fail to submit
11
   reports or make the required payments by the agreed date,
12
   Palomino shall be liable for liquidated damages.  In relevant
13
   part, the collective bargaining agreement states:
14
       "It is agreed that timely payment to the Trust Funds
15     provided for in this Agreement is essential for the
       protection of the beneficiaries and that delinquent
16     contributions entail additional trust administration
       expenses.  Since the exact amount of monetary damages
17     to the beneficiaries and the additional cost of trust
       administration are impossible to measure, liquidated
18     damages for delinquent contributions shall be assessed
       as follows: for any amount which is delinquent thirty
19     (30) days or less, liquidated damages shall be assessed
       in the amount of $200.00; for amounts which are
20     delinquent more than thirty (30) days, liquidated
       damages shall be ten percent (10%) of the amount due or
21     $300.00, whichever is greater; for amounts which are
       delinquent more than sixty (60) days, liquidated
22     damages shall be twenty percent (20%) of the amount due
       or $400.00, whichever is greater."
23
       19. Article X, Section 88 of the collective bargaining
24
   agreement states that in the event it is necessary for the Union
25
   or the Trusts to file an action to recover contributions or
26
   liquidated damages, the Union and the Trusts are entitled to
27
   recover, in addition to the above-described liquidated damages,
28
   interest at the rate of 10% per year, attorneys' fees, court

1 | costs, audit costs and any other costs or expenses incurred in
2 | connection with such suit, claim or demand. The plaintiffs have
3 | incurred attorney's fees and costs in an attempt to recover the
4 | delinquent wage and fringe benefit payments.

5 |     20. Defendant Palomino breached the collective bargaining
6 | agreement by refusing or failing: (i) to pay fringe benefits and
7 | wages when due in the amount of at least $27,105.74 as shown due
8 | on the remittance reports submitted by Palomino during the period
9 | from August 1, 2007 through February 29, 2008; (ii) to pay
10 | liquidated damages in the amount of at least $5,421.15 and
11 | interest on late payments of fringe benefits as agreed; and (iv)
12 | to pay attorney's fees and other collection costs in an amount to
13 | be determined, all to the detriment of Plaintiffs.

14 |     21. As a consequence of the breach described in paragraph 20
15 | above, Plaintiffs are entitled to damages in an amount equal to
16 | the wages and fringe benefit payments required by the agreement
17 | in an amount of at least $27,105.74, interest thereon from the
18 | original date of each late payment at the rate of 10% per year,
19 | liquidated damages calculated at 20% in an amount of at least
20 | $5,421.15, penalties, attorney's fees and costs in an amount to
21 | be determined, pursuant to the collective bargaining agreement,
22 | the trust agreements incorporated therein to which Palomino has
23 | agreed to be bound, California Civil Code section 3287, and
24 | California Labor Code sections 201, 203, 218.5 and 218.6.

25 |
**III**
**THIRD CLAIM FOR RELIEF**
26 | **Action on Contractor's License Bond**
**(California Business & Professions Code §§ 7071.11 et. seq.)**
27 | (As to American Contractors Indemnity Company)

28 |     22. Plaintiffs reallege and incorporate herein by reference

1  each and every allegation set forth in paragraphs 1 through 13,
2  and 15 through 21 inclusive, of this complaint as though fully
3  set forth at this point.

4      23. This is an action pursuant to California Business and
5  Professions Code section 7071.11 to recover unpaid wages from
6  sureties on contractors' bonds.

7      24. Defendant, AMERICAN CONTRACTORS INDEMNITY COMPANY,
8  (hereinafter "American Contractors") is a California corporation.
9  American Contractors is engaged in the insurance and surety
10  business and issues contractor's license bonds in California.

11      25. Pursuant to California Business and Professions Code
12  section 7071.6, Palomino obtained a contractor's bond
13  underwritten by American Contractors. The bond underwritten by
14  American Contractors was designated as bond number 1000762993, in
15  effect from April 12, 2007 through the present (hereinafter
16  referred to as the "American Contractor's Bond").

17      26. The American Contractor's Bond indemnify persons
18  employed by Palomino for the failure by Palomino to pay wages due
19  for work performed during the effective period of the bonds.

20      27. During the period from August 1, 2007 through February
21  29, 2008 Palomino failed to pay its employees full wages and
22  fringe benefits as required by the collective bargaining
23  agreement. Palomino did not pay wages and fringe benefits
24  totaling at least $27,105.74 as shown by the remittance reports
25  submitted by Palomino during the period from August 1, 2007
26  through February 29, 2008, according to proof, for work performed
27  during that period. Said sum is due from defendant American
28  Contractors.

1      28. Demand has been made for payment, but Palomino has
2  refused and continues to refuse to pay the sums owed.

3

4                            **PRAYER**

5  WHEREFORE, Plaintiffs pray for judgment as follows:

6  **I. On the First Claim for Relief:**

7  For judgment against defendant John Loney Palomino as an
8  individual and doing business as "L R F Resinous Flooring":

9      (a) in the principal amount of at least $27,105.74, plus
10  interest thereon at the legal rate from the original due dates
11  commencing September 10, 2007 until paid;

12      (b) plus plaintiffs' attorney's fees and costs;

13      (c) plus the greater of liquidated damages of at least
14  $5,421.15, calculated at 20% of the principal amount or interest;

15      (d) plus interest at the rate of 10% per year commencing
16  September 10, 2007;

17  all according to proof, pursuant to the agreement between
18  plaintiffs and defendants, 29 U.S.C. Section 1132(g)(2), Labor
19  Code Section 218.5 and any other statute so providing.

20  **II. On the Second Claim for Relief:**

21  For judgment against defendant John Loney Palomino as an
22  individual and doing business as "L R F Resinous Flooring":

23      (a) in the principal amount in excess of $27,105.74, plus
24  interest thereon at the legal rate from the original due dates
25  commencing September 10, 2007 until paid;

26      (b) plus plaintiffs' attorney's fees and costs in an amount
27  to be determined;

28      (c) plus the greater of liquidated damages of at least

1 | $5,421.15, calculated at 20% of the principal amount or interest;

2 |     (d) plus interest at the rate of 10% per year commencing

3 | September 10, 2007;

4 |     all according to proof, pursuant to the agreement between

5 | plaintiffs and defendants, 29 U.S.C. Section 1132(g)(2), Labor

6 | Code Section 218.5 and any other statute so providing; and,

7 | For penalties against defendant John Loney Palomino as an

8 | individual and doing business as "L R F Resinous Flooring",

9 | pursuant to California Labor Code Section 203.

10 | **III. On the Third Claim for Relief:**

11 | For judgment against defendant American Contractors Indemnity

12 | Company:

13 |     (a) for unpaid wages in the amount of at least $27,105.74;

14 |     (b) for plaintiffs' attorney's fees and costs, interest and

15 | penalties; and

16 |     (c) for interest at the rate of 10% per year commencing

17 | September 10, 2007 pursuant to California Civil Code section

18 | 3287, California Labor Code section 218.5 and any other statute

19 | so providing, all according to proof.

20 | **IV. On Each and Every Claim for Relief:**

21 |     For such relief as the Court deems proper.

22 |

23 | Plaintiffs hereby request a jury trial pursuant to FRCivP 38(b).

24 |

25 | Dated: July 17, 2008                KATZENBACH AND KHTIKIAN

26 |

27 |

28 |                         KIMBERLY A. HANCOCK
                        Attorney for Plaintiffs